UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUMINTRIUS DAMOUR GUNN, | No. 2:21-cv-0404 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| STANTON CORRECTIONAL FACILITY, et al., | |
| Defendants. | |

Plaintiff is a county inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.  In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1) and the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent

of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Requirement and Pleading Standard

The court is required to screen complaints brought by prisoners and seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Pursuant to 28 U.S.C. § 1915A(a), the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.

## III. Allegations in the Complaint

Plaintiff names as defendants the Stanton Correctional Facility, the Solano County Sheriff's Office, the Solano County Sheriff-Coroner's Office, and Officer Fisher. He alleges Officer Fisher displayed unprofessionalism and lied when members of plaintiff's family came to Stanton Correctional Facility to receive his property on February 4, 2021. A grievance response attached to the complaint states plaintiff's property had been misplaced but was located and could be released. Plaintiff alleges Officer Fisher would lie again if his family went back to Stanton Correctional Facility to receive plaintiff's property. Plaintiff asserts Officer Fisher's actions violated his rights under the First Amendment. He seeks damages. (ECF No. 1 at 2-6.)

## IV. Discussion

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp.

Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) violation of a right secured by the Constitution or laws of the United States (2) committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Plaintiff's allegations do not state a claim for relief. Plaintiff cannot assert claims on behalf of his family members. In addition, he has not alleged facts showing that he has suffered personal harm.

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974.) A prisoner cannot, however, bring a due process claim based on alleged deprivation of property unless no meaningful state post-deprivation remedy for the loss is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). California's tort claim process provides an adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); see also Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); Kemp v. Skolnik, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of property failed to state a federal claim for relief and noting the plaintiff would need to file a claim in small claims court in state court in order to recoup the value of the lost materials). Because California's tort claim process provides an adequate post-deprivation remedy for deprivation of property, plaintiff cannot state a claim based on Officer Fisher's handling of his personal property.

In addition, extreme deprivations are required to make out a claim challenging conditions of confinement under the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Id. Plaintiff cannot plausibly allege a deprivation that amounted to cruel and unusual punishment based on these facts.

////

The complaint states plaintiff brings his claims under the First Amendment. To any extent plaintiff intends to allege a claim of retaliation in response to the exercise of First Amendment rights, such a claim fails. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citing Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000)). Plaintiff has alleged only an adverse action. Plaintiff cannot plausibly allege a retaliation claim based on the facts in the complaint.

The Federal Rules of Civil Procedure favor liberal amendment. Fed. R. Civ. P. 15(a)(2). Nonetheless, leave to amend should be denied if amendment would be futile. See Airs Aromatics, LLC v. Op. Victoria's Secret Stores Brand Mgmt., Inc., 744 F.3d 595, 600 (9th Cir. 2014). Because it is clear the complaint cannot be cured by amendment, the court may dismiss without leave to amend. See Gardner v. Marino, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).

In accordance with the above, IT IS ORDERED:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action, as set forth by separate order to the Sheriff of Solano County.

3. The Clerk's Office shall assign a district judge to this case.

In addition, IT IS RECOMMENDED:

4. Plaintiff's complaint be dismissed without leave to amend.

5. The Clerk's Office be directed to close this case

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendations." Any response to the objections shall be
2  served and filed within fourteen days after service of the objections. Plaintiff is advised that
3  failure to file objections within the specified time may waive the right to appeal the District
4  Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
5  Dated:  June 1, 2021

DLB7
gunn0404.screen

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE